MERRIT H. SMITH, Plaintiff, v. MAICO CO., INC., Defendant.

Supreme Court, Special Term, New York County, September 8, 1945.

*Granville Whittlesey, Jr.*, and *Edward M. Smallwood* for defendant appearing specially for purpose of motion.

*Willard S. McKay* for plaintiff.

*John Campbell* for Sheriff of City of New York.

*Walter L. Collins* for Sheriff of Albany County.

No appearance for Sheriff of Erie County.

McNALLY, J. On May 4, 1945, a warrant of attachment was granted by the Supreme Court, New York County, which directed the Sheriff of the City of New York or any sheriff of any county of the State to attach property of the defendant.

The warrant of attachment was limited to $7,874. Pursuant to the warrant of attachment the Sheriff of the City of New York claims to have made a levy on May 5, 1945, upon the property of the defendant to the full amount of the warrant, that is, $7,874. Pursuant to the said warrant of attachment the Sheriff of Albany County claims to have made a levy on May 8, 1945, upon property of the defendant amounting to the value of $5,934.55. Pursuant to the said warrant of attachment the Sheriff of Erie County claims to have made a levy on May 12, 1945, upon property of the defendant amounting to the value of $346.

Under a stipulation between the parties dated May 17, 1945, it was agreed that the warrant of attachment and the levies made thereunder should be vacated, and that defendant should pay to the respective sheriffs whatever poundage might be due. On May 18, 1945, an order was entered and filed in the Supreme Court of the State of New York, County of New York, vacating and setting aside the afore-mentioned warrant of attachment and the levies made pursuant thereto.

On May 24, 1945, the moving papers make it appear that a certified copy of the order vacating the warrant of attachment was mailed to the Sheriff of Albany County, the Sheriff of Erie County and the Sheriff of the City of New York. It also appears that on June 25, 1945, the parties to the above-entitled action settled the controversy between them and the defendant paid to the plaintiff the sum of $5,000 which was the sole and exclusive consideration for the settlement.

The Sheriff of Erie County claims poundage in the amount of $15.28. The Sheriff of Albany County claimed poundage in the amount of $183.03 which was paid him June 21, 1945. The Sheriff of the City of New York claims poundage on the amount of the settlement, that is, $5,000, which, calculated according to subdivision 7 of section 1558 of the Civil Practice Act would amount to $150.

The sheriffs herein are claiming aggregate poundage in an amount in excess of the poundage due. Subdivision 18 of section 1558 of the Civil Practice Act states that where a levy has been made under a warrant of attachment and the warrant of attachment is vacated or set aside by order of the court, the sheriff is entitled to poundage upon the value of the property attached, not exceeding the amount specified in the warrant. In this case the amount is $7,874, as the warrant was vacated prior to settlement.

The statute does not, in terms, cover the question. *Tilley* v. *De Wolf* (12 R. I. 347) seems to be in point. In Rhode Island, apparently, there was a statute fixing the fees of the sheriff, but nothing was said relating to fees in the event of the attachment being issued in more than one county. Where the latter was done, the court held that but one full poundage should be paid and that should be divided among the sheriffs according to the proportionate value of the assets respectively attached by them. The same rule has been held to apply in New Jersey and Maryland in the case of execution issued to more than one county (*Sturges* v. *Lackawanna and Western Railroad Co.*, 27 N. J. L. 424; *Howard* v. *The Levy Court*, 1 Harris & Johns. [Md.] 558, 566). To hold that the sheriff of each county where a levy had been made would be entitled to full poundage would undoubtedly lead to great injustice (*Dicoa Co.* v. *Kokomo Sanitary Pottery Corp.*, N. Y. L. J., July 30, 1936, p. 287, col. 7). The interests of justice require that the rule laid down in the Rhode Island case (*supra*) should be followed.

Accordingly, the motion is granted to the extent of apportioning the poundage between the three sheriffs, as indicated in this opinion. Settle order.